BROWN GAVALAS & FROMM LLP
*Attorneys for Plaintiff*
COURTESY SHIPPING S.A.
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 983-8500

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
COURTESY SHIPPING S.A.,

    *Plaintiff*,

 - against -

VIN BULK CARRIERS LIMITED and JASSPER
INTERNATIONAL PTE LTD.,

    *Defendants*.
-------------------------------------------------------------X

Civil Action: 1:24-cv-8106

IN ADMIRALTY

## VERIFIED COMPLAINT

COURTESY SHIPPING S.A. ("Plaintiff"), by and through its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against the Defendants, VIN BULK CARRIERS LIMITED ("Vin Bulk") and JASSPER INTERNATIONAL PTE LTD. ("Jassper") (collectively "Defendants"), hereby alleges, upon information and belief, as follows:

### JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction pursuant to 28 U.S.C. §1333.

2. Venue is proper in this District because there is, or will be during the pendency of this action, property of or due and owing to Defendants within or moving through this District as will be more fully discussed herein.

3. Defendants are not registered to do business in New York. As such, Defendants cannot be found in this District within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims.

**THE PARTIES**

4. Plaintiff is a foreign company organized under laws of Panama, with a principal place of business in Panama City, Panama.

5. Defendant Vin Bulk is a foreign company organized under the laws of Hong Kong, with a principal place of business located at Unit 1603, 16th Floor, The L. Plaza, 375 Queens Roads Central, Sheung Wan, Hong Kong.

6. Defendant Jassper is a foreign company organized under the laws of Singapore, with a principal place of business located at 111 Somerset Road #08-10a, Singapore.

7. On information and belief, Jassper acts as the chartering arm and managing agent of Vin Bulk and the Defendants have common ownership, operation and personnel.

8. Upon information and belief, Defendants are owned and controlled by Pushbank Kaushik, an Indian national.

9. During the course of the charterparty described more fully below, Jassper communicated various instructions to the Plaintiff and to third parties, sometimes as purportedly coming from "Charterers" and sometimes without such a reference.

10. During the course of the charterparty described more fully below, it is believed that Jassper made arrangements and paid for 49.622 mt of bunker fuel that was supplied to the vessel COURTESY K at Colombo as part of the Vin Bulk's obligation to supply bunkers to the vessel.

11. Jassper also made arrangements with the port agent at the discharge port of Tuticorin for the vessel's call there and made a payment of $54,391.65 to the port agent as an

2

advance payment towards the estimated port expenditures for the vessel's call there even though the obligation to pay the port agent rested with Vin Bulk.

12. On information and belief, Defendant Jassper is the alter ego of Vin Bulk because Jassper dominates and disregards Vin Bulk's corporate form to the extent that Jassper is actually carrying on Vin Bulk's business and operations as if the same were its own.

13. On information and belief, Defendants are partners and/or joint venturers.

14. On information and belief, Defendants are affiliated companies such that Jassper is now, or will soon be, holding assets belonging to Vin Bulk and vice versa.

15. Upon information and belief, Jassper acts as a paying agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant Vin Bulk.

**THE FACTS**

I. **The Charter Party**

16. At all material times, Plaintiff was the owner of the vessel M/V COURTESY K.

17. Vin Bulk entered into a charterparty with Plaintiff dated April 26, 2024 for the M/V COURTESY K ("Charter Party").

18. Pursuant to the terms of the Charter Party, the M/V COURTESY K was delivered to Vin Bulk on May 4, 2024.

19. Under the Charter Party, the M/V COURTESY K transported a cargo of yellow maize from Yangon, Myanmar (Burma) to Tuticorin, India.

20. The discharge of the cargo from the M/V COURTESY at Tuticorin was completed on June 12, 2024.

21. Pursuant to the Charter Party, Vin Bulk was required to redeliver the M/V COURTESY K to Plaintiff at the end of the Charter Party with the same quantities of bunkers as Plaintiff had delivered the M/V COURTESY K to Vin Bulk at the start of the Charter Party.

22. Vin Bulk failed to resupply the M/V COURTESY K with bunkers and return the vessel to Plaintiff with the same quantities of bunkers as it was delivered to Vin Bulk in breach of the terms and conditions of the Charter Party.

23. Pursuant to the Charter Party, Vin Bulk was required to remit to the port agent at Tuticorin the required funds to pay for the fees and expenses related to Vin Bulk's call and discharge operations at the discharge port in order to enable the vessel to depart from its berth.

24. Vin Bulk failed to remit the required funds to the port agent at Tuticorin to pay for the fees and expenses related to Vin Bulk's call and discharge operations at the discharge port.

25. Plaintiff was required to pay the discharge port's fees and expenses in order for the M/V COURTESY K to be permitted able to leave the discharge port.

26. Vin Bulk breached the Charter Party by, *inter alia*, failing to redeliver the M/V COURTESY K to Plaintiff with the same quantities of bunkers as it was delivered to Vin Bulk and failing to pay for the required discharge port fees and expenses.

## II. The London Arbitration

27. On July 1, 2024, Plaintiff's Solicitors Holman Fenwick & Willan commenced London arbitration proceedings against Vin Bulk pursuant to Clauses 17 and 91 of the Charter Party ("the London Arbitration").

28. On October 25, 2024, Plaintiff served its Claims Submission in the London Arbitration.

29. Plaintiff's Claims Submission in the London Arbitration alleges Vin Bulk breached the Charter Party by, *inter alia*, failing to redeliver the M/V COURTESY K to Plaintiff with the same quantities of bunkers as it was delivered to Vin Bulk and failing to pay for the required discharge port fees and expenses. Additionally, pursuant to the Charter Party, Vin Bulk was required to clean the vessel's holds prior to redelivery or pay $3,000 in lieu of hold cleaning which it has failed to pay.

30. As a result of the breach of the Charter Party, Plaintiff suffered loss and damage in the amount of **$219,556.66** plus interest and costs.

### III. The Rule B Action

31. Plaintiff has commenced this action to obtain security for the claims described above and reserves its right to arbitrate all such disputes as well as such additional ones as may arise. In particular, Plaintiff reserves its right to amend this complaint and to claim in the London Arbitration amounts based on claims alleged above but not yet fully developed or quantified and to include such additional claims and damages as it may suffer as a result of Defendants' breach of the Charter Party.

32. The principal amount of the claims for which Plaintiff presently seeks security in this action is **$219,556.66**.

33. The claim with respect to the alleged breach of the Charter Party has been and will be expensive to prepare and present in the London Arbitration. Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates interest and legal costs in the London Arbitration will be in the sum of at least $101,500.

34. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **$321,056.66.**

35. As demonstrated by the accompanying declaration, Plaintiff has attempted to search for Defendants in this Judicial District, but has been unable to locate an agent for service of process or evidence that Defendants are subject to general personal jurisdiction in New York that would subject Defendants to being "found" within the District with the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

36. Defendants cannot be found within this district within the meaning of Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this District consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District.

37. Based on financial information available to Plaintiff, Plaintiff believes Defendants maintain a bank account at Community Federal Savings Bank in Woodhaven, New York.

38. At the time Plaintiff and Vin Bulk were fixing the Charter Party, Vin Bulk represented to Plaintiff that Vin Bulk maintained a U.S. bank account at Community Federal Savings Bank in Woodhaven, New York and provided Plaintiff with a "reference letter" from Airwallex confirming Vin Bulk's bank account at Community Federal Savings Bank in Woodhaven, New York. A true and accurate copy of the redacted Airwallex Global Account Confirmation letter dated April 26, 2024 is attached hereto as Exhibit "A".

39. Plaintiff seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any property of Defendants held by Community Federal Savings Bank in Woodhaven, New York for the purposes of obtaining security for the pending London Arbitration.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of

Defendants' tangible or intangible property or any other funds held by a garnishee in the district which are due and owing or otherwise the property of to the Defendants up to the amount of **$321,056.66** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

      C.      That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action.

      D.      That this Court enter judgment for Plaintiff's damages plus costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

      E.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated:   New York, New York
            November 21, 2024

      **BROWN GAVALAS & FROMM LLP**
      *Attorneys for Plaintiff*
      COURTESY SHIPPING S.A.

      By:     s/ Peter Skoufalos
            Peter Skoufalos (PS-0105)
            Email: pskoufalos@browngavalas.com
            Michael P. Naughton (MN-6870)
            Email: mpn@browngavalas.com
            60 East 42nd Street
            Suite 4600
            New York, NY 10165
            (212) 983-8500

# ATTORNEY'S VERIFICATION

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, and no officer or director is presently within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2024.

                                                                         s/ Peter Skoufalos
                                                                        PETER SKOUFALOS